Hill, for use of Wintersmith *vs.* Barrett, &c.

, ERROR TO GRAYSON CIRCUIT.

Case 17.

14bm 83
104 814

14bm 83
112 191

14bm 83
117 791

14bm 83
120 484

14bm 83
124 466

1. The Code of Practice, title 7, chapter 1, page 30, 31, requires that the plaintiff's petition must contain a statement of the facts constituting his cause of action in ordinary and concise language, without repetition.

2. The Code does not change the law which determined what facts constitute *a cause* of action; though, by reducing all *forms* of action to one—that by petition—it changes the question whether the facts stated show a cause of action in trespass or assumpsit or any other particular *form*, into the question whether the petition shows a right of action in *any form*—by showing a right in the plaintiff, and an injury to that right by defendant—which is to be determined by the general rules of law respecting rights and wrongs as established by long usage in particular actions.

3. The Code of Practice does not authorize a recovery upon a statement of facts, which, before its adoption, did not authorize a recovery in *some* form of action; and, therefore, former precedents and rules and adjudications may be resorted to as authoritative, except so far as they relate to distinctions between the different forms of action, or to formal, and merely technical allegations.

4. The Code of Practice requires that the petition shall contain the facts constituting the cause of action—if founded on a writing, it is to be filed and referred to, and so much of it set forth as will show that the plaintiff, by reason of alleged acts or omissions on his part, and of the defendants, is entitled to his action and relief.

Judge MARSHALL delivered the opinion of the court.

June 28.

Case stated, and decision of circuit court.

This is an action by petition under the Code, in which the plaintiff seeks to recover the value of certain brick alleged to have been made by him on the premises of the defendants. From the written contract referred to and filed as a part of the petition, and which is thus made a part of the record, it appears that Hill undertook to make, burn, and lay for the defendants, two hundred thousand merchantable bricks, at such place as said defendants may designate at the Grayson Springs, the plaintiff furnishing all materials, boarding, &c., for which the defendants agreed to pay him seven dollars and fifty cents per thousand, not counting the openings in the buildings, to be paid in one, two and three years, except one hundred dollars, to be taken out in boarding at the springs. But it is provided that the defendants have the privilege of not putting up said building the next

spring if they choose, in which event they were to pay the plaintiff four dollars and fifty cents per thousand, (kiln count,) in the manner and times above stated; and Hill bound himself to complete said build-ing, or laying of said brick, on or before the first day of the next June, provided said defendants notify him by the first day of the next March, of their intention to have said brick laid next spring. But the defend-ants undertook to build the foundation on which said brick were to be laid, in time for laying the brick the next spring, provided they elect to build.

The plaintiff, without setting out any part of this agreement in the petition, but stating that one was en-tered into by the parties in August, 1849, avers, that after its date, he made and burnt on the premises of the defendants, in the year 1849, one hundred and seventy thousand merchantable bricks; that they were not laid and put in a house, because the defend-ants did not notify him that they intended to have the building put up, and did not have the foundation laid in time for him to build said house by the first day of June, 1850, or any other time, but they elected that they would not build said house, whereby he was pre-vented from making and laying the two hundred thousand bricks contracted for; and he claims pay-ment for the one hundred and seventy thousand bricks at the rate of four dollars and fifty cents, kiln count. A demurrer to this petition was sustained, and judg-ment having been rendered against the plaintiff, he brings the case to this court for revision.

Although the Code of Practice has abolished not only the pre-existing forms of action, but also the pre-existing forms of pleading, and has declared, that henceforth, the forms of pleading, and the rules by which their sufficiency is to be determined, are those prescribed in the Code itself; it adopts what has al-ways been a cardinal rule with respect to the allega-tion of the plaintiff, now called the petition, that it must contain a statement of the facts constituting the plaintiff's cause of action, with scarcely any other

specific requisition, but that it be made in ordinary and concise language, without repetition. Title 7, chapter 1, sec. 144, page 30–31. But while the Code contains a very few additional rules with respect to the mode or manner of alleging the facts relied on as constituting a cause of action, it does not, and could not, particularize the facts necessary to be stated, nor give any affirmative rule more special or more instructive than that which requires that the petition shall contain the facts constituting the plaintiff's cause of action. The Code makes no change in the law which determines what facts constitute a cause of action, except that by reducing all forms of action to the single one by petition, it changes the question whether the plaintiff's statement of his cause shows facts constituting a cause of action in trespass, or assumpsit, or other particular form, into the more general question, whether it shows facts which constitute a cause of action at all, that is, whether the facts stated are sufficient to show a right in the plaintiff, an injury to that right by the defendant, and consequent damage. What facts do in this sense, constitute a cause of action, is determined by the general rules or principles of law respecting rights and wrongs, and by a long course of adjudication and practice, applying those rules to particular actions, under the long established rule of pleading, that the declaration must state the facts which constitute the plaintiff's cause of action. In adopting this fundamental rule of pleading, the Code must be considered as adopting also the prevailing and authoritative exposition of it as understood at the time, except so far as the Code itself, either expressly, or by necessary implication, requires facts to be stated which need not before have been stated, or dispenses with the statement of facts formerly deemed necessary.

The express dispensations apply rather to the form of statement than to the facts to be stated. They are to be found principally in chapter 7 of the title hereinbefore referred to, in sections 175 and 176, page 36.

HILL, FOR USE OF
WINTERSMITH
vs.
BARRETT, &c.

cise language without repetition.

2. The Code does not change the law which determined what facts constituted *a cause* of action, [tho' by reducing all *forms* of action to one—that by petition—it changes the question whether the facts stated show a cause of action in trespass or assumpsit, or any other particular *form*, into the question whether the petition shows a right of action in *any form*—by showing a right in the plaintiff and an injury to that right by defendant— which is to be determinded by the general rules of law respecting rights and wrongs as established by long usage in particular actions.

HILL, FOR USE OF
WINTERSMITH
vs.
BARRETT, &c.

The implied dispensations grow mainly out of the reduction of all actions to one form. The requisition of additional facts may be implied from the abolition of that rule which had formerly made it sufficient, and indeed, proper, to state facts according to their legal effect, instead of stating them as they actually occurred, which the Code seems to require by the rule that they shall be stated in ordinary language. The Code does not authorize a recovery upon a statement of facts which did not constitute a cause of action in some form, before the Code was adopted. And, therefore, the former precedents, and rules, and adjudications, may now be resorted to as authoritative, except so far as they relate to the distinctions between the different forms of action, or to merely formal or technical allegations, and except so far as particular allegations formerly deemed substantial are dispensed with, or so far as particular allegations may now be necessary where allegations, according to the legal effect of the facts, may formerly have been sufficient.

3. The Code of Practice does not authorize a recovery upon a statement of facts, which before its adoption did not authorize a recovery in *same* form of action, "and therefore former precedents and rules and adjudications may be resorted to as authoritative, except so far as they relate to distinctions between the different forms of action," or to formal and merely technical allegations.

4. The Code of Practice requires that the petition shall contain the facts constituting the cause of action —if founded on a writing, it is to be filed and referred to, and so much of it set forth as will show that the plaintiff, by reason of alleged acts or omissions on his part, and of the defendant, is entitled to his action and relief.

Under this view of the present law of pleading, we are of opinion, that the petition in this case is defective in not stating either in terms or in substance the contract for a breach of which the action is brought. It is not sufficient to state that on a named day the plaintiff and defendants entered into a contract signed by them, which is herewith filed, made part hereof, marked A—that the plaintiff, in pursuance of the contract, did and performed certain acts, and that the defendants either did or failed to do certain acts on their part in violation of the agreement. The rule of the Code before referred to, requires that the petition shall state the facts constituting the cause of action; and, although in another section, it also requires that where the action is founded on a writing, the writing shall be filed as a part of the petition, which, as we think, implies that it shall be also referred to in the petition, there is, in our opinion, no dispensation, either express or implied, with the necessity of stating

in the petition so much of the contract as shows that the plaintiff, by reason of the alleged acts or omissions on his part, and of those on the part of the defendant, is entitled to an action and to relief. The petition must contain in its own body, and not merely by reference to another paper, a statement of the facts constituting the cause of action.

But if the petition in this case had set out the entire contract, it would still be defective, either in not stating that the one hundred and seventy thousand bricks, for which payment is demanded, were made and burnt at the Grayson Springs, at the place designated by the defendants, if they did designate any, or in not stating that the defendants had accepted the bricks actually made. We are inclined to the opinion that the election of the defendants not to build in the spring, 1850, was a dispensation with further performance by the plaintiff, which entitled him to be paid, according to the price stipulated in that event, for the bricks previously made, in pursuance of the contract. And even if this be not so, the plaintiff was entitled to be paid for his work and materials made and furnished for the use of the defendants, and under their employment, as much as they were reasonably worth, provided they were either accepted by the defendants, or were furnished at the place stipulated. But as the plaintiff has not averred, and could not have averred, that he had done all which was by the contract to be done on his part, he should have shown by positive statement of facts, that what he did do, was beneficial to the defendants in the manner contemplated by the contract, or that it was accepted by them. It is not sufficient to say, that in pursuance of the agreement, he made and burnt one hundred and seventy thousand bricks on the premises of the defendant.

Wherefore, the judgment is affirmed.

WINTERSMITH for plaintiff.